# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD LAWRENCE, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PX-17-3658 |
| DEPARTMENT OF CORRECTION (D.O.C.), COMMISSIONER DAYENA CORCORAN, WESTERN CORRECTIONAL INSTITUTION (W.C.I.), WARDEN RICHARD J. GRAHAM, JR., JAMIE RATKE,[1] | * * * |
| Defendants. | |

***

## MEMORANDUM OPINION

Self-represented Plaintiff Richard Lawrence, an inmate incarcerated at Western Correctional Institution ("WCI") in Cumberland, Maryland, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendants, Department of Corrections ("DOC"), Commissioner Dayena Corcoran, WCI, Warden Richard J. Graham, Jr., and Correctional Officer Jamie Ratke (collectively "Defendants"). ECF No. 1. Lawrence claims that Defendants have subjected him to cruel and unusual punishment by housing him at WCI in "dangerous and deadly living conditions," and that Defendants have been deliberately indifferent to his medical needs. *Id.* He seeks $60,000,000 in damages. *Id.* at 6.

On April 19, 2018, Defendants moved to dismiss the action, or alternatively, for summary judgment to be granted in their favor. ECF No. 18. Lawrence responded on July 23, 2018. ECF No. 25. After review of the record, exhibits, and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). Defendants' Motion shall be

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Defendant Racky's name to "Jamie Ratke."

granted.

I.  **Background**

Lawrence alleges that WCI was built without any means to combat the extreme heat during the summer months. ECF No. 1 at 4-5. He more particularly contends that he has been forced to live in dangerous and life-threatening conditions in his cell, to include extreme heat which triggered his chronic seizure disorder. *Id.* On June 18, 2017 and June 21, 2017, Lawrence suffered three seizures which he believes had occurred because of the extreme heat. ECF No. 1 at 5.[2] On June 26, 2017, the medical department issued an order stating, "Please allow for medical ice & second fan due to medical condition." *Id.* Despite this order, Lawrence maintains that Defendant Ratke deliberately refused to deliver Lawrence a second fan and ice to ameliorate the extreme heat. *Id.* at 6. Lawrence thereafter suffered additional seizures on July 11, 2017, July 17, 2017, and July 21, 2017, and was admitted into the infirmary and placed in a cool cell. *Id.*

On July 24, 2017, Lawrence filed Administrative Remedy Procedure ("ARP") No. WCI-1709-17, with respect to the extreme heat in his cell and the exacerbation of his chronic seizure disorder. *Id.* at 4; ECF No. 1-1. On July 25, 2017, Lawrence was instructed to resubmit the ARP along with a copy of the medical order stating that he was to be given a fan and ice at his request. ECF No. 1-1. Lawrence resubmitted the ARP on July 26, 2017. On August 30, 2017, Warden Graham dismissed the ARP, stating: "Per medical an additional fan is not medically indicated. You also have been receiving your ice on the 8-4 and the 4-12 shift." ECF No. 18-2 at 2. Lawrence appealed the dismissal of ARP No. WCI-1709-17 to the Commissioner of Correction.

---

[2] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

On August 21, 2017, Lawrence amended ARP No. WCI-1709-17 by filing ARP No. WCI-1983-17 in which he added allegations against Defendant Ratke based on her refusal to give him ice between August 14, 2017 and August 20, 2017. ECF No. 1-4. *Id.*; ECF No. 1-5. On September 26, 2017, the ARP was dismissed with the following response from Warden Graham:

> Your request for administrative remedy has been dismissed. An investigation revealed that you did receive your ice. You are not permitted to retrieve the ice yourself. You also will not receive your ice during mass movements. Staff has at no time acted unprofessional or outside the scope of their authority. No further actions will be taken at this time.

ECF No. 1-5. On September 27, 2017, Lawrence appealed the dismissal of ARP No. WCI-1983-17 to the Commissioner of Correction. ECF No. 1-6.

On October 16, 2017, Commissioner Corcoran dismissed both appeals. With regard to ARP No. WCI-1709-17, Corcoran concluded after investigation that the Warden had fully addressed both complaints and that the requested provisions were not medically necessary. Lawrence never filed a grievance concerning either action with the Inmate Grievance Office. *See* ECF No. 18-3; ECF No. 25-2 at 5.

Defendants do not dispute that Lawrence suffered seizures on June 18 and 21 and July 11, 17, and 21 in 2017. *See* ECF No. 18-1 at 5. Defendants instead maintain that Lawrence "received prompt medical treatment, his medications were re-evaluated, and he received medical orders for ice and a fan." *Id.* Ratke specifically maintains that she did not know Lawrence was suffering from a medical condition requiring the provision of ice. ECF No. 18-4 at 5. The Defendants further assert that Lawrence's requests occurred while other inmates were in movement, so ice could not be provided per security protocols. *See* ECF 18-2 at 21-23.

## II. Standard of Review

Defendants have moved to dismiss the claims under Rule 12(b)(6) or, in the alternative, for summary judgment. Motions styled in this manner implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). When "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Lawrence knew from Defendants' pleadings and exhibits that Defendants were seeking summary judgment in their favor. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Lawrence, responding in kind, also attached documents for the Court's consideration. ECF No. 25. Accordingly, the Court will treat this motion one as for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III. Analysis

Defendants DOC and WCI argue that dismissal is warranted because each entity is incapable of being sued under 42 U.S.C. § 1983. ECF No. 18-1. All Defendants also contend that summary judgment is warranted because Lawrence failed to exhaust his administrative remedies. *Id.* Lastly, Defendants argue that Lawrence has not generated sufficient evidence to sustain his claims and even if he had, the Defendants are immune from suit. *Id.* The Court addresses each argument in turn.

#### A. Defendant WCI

Dismissal is warranted as to WCI because it is indeed not an entity capable of being sued. 42 U.S.C. § 1983 limits its reach to "[e]very *person* who, under color of [law] subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." (Emphasis added). Accordingly, the statute requires the claim to

5

be asserted against a person. Inanimate objects such as buildings, facilities, and grounds are not persons acting under color of state law and are not subject to suit under § 1983. *See, e.g., Smith v. Montgomery Cty. Corr. Facility*, No. CIV. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). WCI, a corrections facility, is not a "person" under 42 U.S.C. § 1983. Accordingly, WCI is dismissed as a party from this action.

### B. Defendants DOC, Corcoran, and Graham

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities also enjoy Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, the DOC as well as Defendants Corcoran and Graham are immune from suit for actions taken in their official capacities.

As to actions taken in their individual capacities, the Complaint does not allege any individual acts or omissions taken by Corcoran or Graham. Nor can they be held liable simply because they occupied supervisory positions because the doctrine of respondeat superior does not apply to § 1983 claims, *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). *See also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). At best, the Complaint and evidence establish that

6

Corcoran and Graham played a narrowly circumscribed role in denying Lawrence's ARP. Addressing an inmate's complaint, without more, is insufficient to confer liability. *See Atkins v. Maryland Div. of Correction*, 2015 WL 5124103 at *6 (D. Md. 2015) (act of denying grievances); *Scott v. Padula*, 2010 WL 2640308, *3 (D. S.C. 2010) (failure to investigate or process a grievance); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"). Nor has Lawrence put forward any evidence that Defendants are liable pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, for unconstitutional actions taken pursuant to an official policy, custom, or practice. 436 U.S. 658, 690-91 (1978). Accordingly, viewing the facts as pleaded most favorably to Lawrence, summary judgment is granted in favor of Corcoran and Graham.[3]

### C. Failure to Exhaust Administrative Remedies

The remaining Defendant, Ratke, contends that summary judgment on all claims must be granted in her favor because Lawrence failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e. ECF No. 18-1 at 9. The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will near the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, *See Bock*, 549 U.S. at

---

[3] In light of this ruling, the Court declines to reach whether Defendants are also qualifiedly immune.

220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. ___, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F. 3d at 725 (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F. 3d at 684.

Inmates housed at an institution operated by Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial with 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request

8

for administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, Defendants seek dismissal or alternatively summary judgment because Lawrence failed to exhaust his remedies. If from the face of the Complaint a prisoner's failure to exhaust is "apparent from the facts alleged," then dismissal is warranted. *Anderson*, 407 F. 3d at 682. Alternatively, where the Complaint does not clearly determine the issue, the court must examine material outside the pleadings and treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F. 3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003).

It is undisputed that Lawrence has not fully pursued his administrative remedies. Lawrence acknowledges that while he completed the first two steps by filing ARPs and appealing from the denials, he did not file a grievance with the IGO. Nor does Lawrence provide any evidence that his failure to file the grievance occurred because of prison officials' action or inaction. Rather, Lawrence tells this Court that he did not file because he knew that the 30-day period to file had passed and he did not expect that a late submission would be considered. *See* ECF No. 25-2 at 5. Accordingly, the evidence viewed most favorably to Lawrence demonstrates that he has failed to exhaust his administrative remedies. Summary judgment is therefore granted in favor of Ratke.

**IV. Conclusion**

Defendants DOC, WCI, Corcoran and Graham shall be dismissed from suit.  Summary judgment will be granted in favor of Defendant Ratke for failure to exhaust administrative remedies.  A separate Order follows.

| | |
|---|---|
|       12/26/18 |           /S/ |
| Date | Paula Xinis |
| | United States District Judge |